**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Hector DE LA GARZA–ROJAS, Defendant–Appellant.**

No. 05–40114.

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided March 1, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM: *

Hector De La Garza–Rojas (De La Garza) appeals his conviction and sentence for illegal reentry after a previous deportation. De La Garza argues that the district reversibly erred under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), by sentencing him pursuant to a mandatory application of the Sentencing Guidelines.

There was no *"Booker"* error or Sixth Amendment violation because the only enhancement to De La Garza's sentence was for his prior conviction. *See Booker,* 125 S.Ct. at 756, 769. Nevertheless, the district court committed *"Fanfan"* error by sentencing De La Garza pursuant to a mandatory guidelines scheme. *See United States v. Walters,* 418 F.3d 461, 463–64 (5th Cir.2005). Although De La Garza contends that such error is structural, he acknowledges that this argument is foreclosed by circuit precedent; he raises the issue here only for preservation purposes.

---

The Government concedes that De La Garza preserved his *Fanfan* claim. As such, this court reviews the claim for harmless error. *See Walters*, 418 F.3d at 464. There is no indication in the record that the district court would have imposed the same sentence had the guidelines been advisory rather than mandatory. Accordingly, we VACATE the sentence and REMAND for resentencing in accordance with *Booker*.

De La Garza next argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional on their face and as applied in his case in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). De La Garza's constitutional challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although De La Garza contends that *Almendarez-Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez-Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez-Torres* remains binding. *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). De La Garza properly concedes that his argument is foreclosed in light of *Almendarez-Torres* and circuit precedent, but he raises it here to preserve it for further review. Accordingly, De La Garza's conviction is AFFIRMED.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.